IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BURNS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-602-P |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, James Edward Burns, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against the director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

## I. BACKGROUND

On June 13, 2014, in Tarrant County, Texas, Case No. 1330419D, Petitioner pleaded guilty pursuant to a plea agreement to aggravated robbery of a person 65 years of age or older and was sentenced to 25 years' confinement. SHR01[1] 5, ECF No. 16-7. Notwithstanding his waiver of the right to appeal as part of the plea agreement, Petitioner appealed the trial court's judgment, but, on August 21, 2014, the appellate court dismissed the appeal in accordance with the trial court's certification that Petitioner had no right to appeal. Mem. Op.

---

[1] "SHR01" and "SHR02" refer to the records of Petitioner's state habeas proceedings in WR-88,709-01 and -02, respectively.

2, ECF No. 16-2. Petitioner did not seek further direct review. Docket Sheet 1, ECF No. 16-1. He did however file two state habeas-corpus applications challenging his conviction on January 22, 2018, and June 21, 2020, respectively.[2] SHR01 16, ECF No. 16-7; SHR02 27, ECF No. 16-9. This federal habeas-corpus petition was filed on February 11, 2021,[3] wherein he raises four grounds for relief. Pet. 6, ECF No. 1; Am. Pet. 6–7, ECF No. 10. Respondent asserts that the petition should be dismissed as untimely under the federal statute of limitations. Resp't's Preliminary Answer 5–10, ECF No. 17.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

---

[2]Typically, a prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). Petitioner's applications do not however provide that information. The first application, signed on July 27, 2017, was not received by the trial court clerk for filing until January 22, 2018. SHR01 16, 32, ECF No. 16-7. Because of the unexplained delay, Petitioner is not given the benefit of the prison mailbox rule as to his first application. The second application, signed on June 21, 2020, was received by the trial court clerk for filing on July 9, 2020. For purposes of this opinion, the second application is deemed filed on the date it was signed. SHR02 11, 27, ECF No. 16-9.

[3]A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's original petition received for filing on March 5, 2021, in the United States District Court for the District of Columbia was signed on February 11, 2021. Pet. 8, ECF No. 1 (the pagination in the ECF header is used). For purposes of this opinion, the petition is deemed filed on the date it was signed.

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Under subsection (A), applicable to this case, the limitations period commenced on the date on which the trial court's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment became final on Monday, September 22, 2014, upon expiration of the time that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, and expired one year later on September 22, 2015. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Thus, Petitioner's federal

petition was due on or before September 22, 2015, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's post-conviction state habeas applications filed on January 22, 2018, and June 21, 2020, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner fails to present any new evidence to satisfy the actual-innocence exception nor has he demonstrated that equitable tolling is justified. Petitioner's pleadings are largely nonsensical and he provides no explanation whatsoever for his years-long delay, which mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his original petition was due on or before September 22, 2015. Accordingly, his petition filed on February 11, 2021, is untimely.

4

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 20th day of August, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE